```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RAUL A. PEREZ-REYES,               :    CIVIL ACTION
                                   :    NO. 14-5472
        Petitioner,                :
                                   :
     v.                            :
                                   :
MS. BRENDA L. TRITT et al.,        :
                                   :
        Respondents.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                       August 14, 2015

Raul Perez[1] ("Petitioner" or "Perez") is a prisoner at the State Correctional Institution in Frackville, Pennsylvania. Petitioner filed a pro se petition seeking relief under 28 U.S.C. § 2254 ("the Petition"). Magistrate Judge Linda K. Caracappa has recommended denial of the Petition without an evidentiary hearing and without a certificate of appealability. Petitioner now objects. For the reasons that follow, the Court will adopt Judge Caracappa's Report and Recommendation and deny the Petition in its entirety.

---

[1] In his petition, Petitioner lists his name as "Raul A. Perez-Reyes." Pet'r's Mot. 1, ECF No. 1. However, as Petitioner was convicted as "Raul Perez," see id., the Court refers to him under that name here.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Superior Court of Pennsylvania, in its decision denying Perez's direct appeal, summarized the facts as follows: "On February 23, 2009, at the Hope Rescue Mission in the City of Reading, [Perez] stabbed another person with a knife. [Perez] was arrested and charged with [a number of] crimes." Commonwealth v. Perez, No. 393 MDA 2010, slip op. at 1 (Pa. Super. Ct. Nov. 12, 2010), App. A218.[2] Specifically, Perez was charged with "two counts of aggravated assault, two counts of simple assault and one count of recklessly endangering another person." Id.

Prior to trial, on February 2, 2010, Perez's request to represent himself was granted by the trial court, which appointed Douglas Waltman, Esquire, as standby counsel. Hr'g Tr. 3:5-10:19, Feb. 2, 2010, App. A45-47.

During the trial, which commenced on March 1, 2010, the court removed Perez from the courtroom, revoked his right to self-representation, and ordered Attorney Waltman to proceed as Perez's counsel. Trial Tr. 50:24-52:3, Mar. 1, 2010, App. A67-68. On March 2, 2010, a jury found Perez guilty of all charges, with the exception of one count of aggravated assault. App.

---

[2]     The Appendix was filed by Respondents and appears in full at ECF No. 5.

A101. He was subsequently sentenced to thirty-three months to ten years imprisonment. App. A117.

On March 12, 2010, Attorney Waltman filed a Notice of Appeal on behalf of Perez. App. A118. In a decision released on November 12, 2010, the Superior Court affirmed the judgment of sentence. Perez, No. 393 MDA 2010, slip op. at 7, App. A224. On July 11, 2011, the Supreme Court of Pennsylvania denied allocatur. Commonwealth v. Perez-Reyes, No. 923 MAL 2010 (Pa. July 11, 2011), App. A225.

On September 12, 2011, Perez filed a petition under the Post Conviction Relief Act ("PCRA"), 42 P.S. § 9541 et seq. App. A226. On June 5, 2013 the PCRA court filed its Order and Notice of Intent to Dismiss the petition. Commonwealth v. Perez, No. 1034-09 (Pa. Com. Pl. June 5, 2013), App. A336-43. The petition was dismissed on August 15, 2013, over Perez's objections. App. A391. Perez filed a pro se appeal, App. A393, which the Superior Court denied on April 8, 2014, App. A469, A475. Allocatur was denied on September 9, 2014. App. A478.

On July 30, 2012, while his PCRA petition was pending, Perez filed his first petition for federal habeas relief. The Court dismissed the petition without prejudice, so that Perez could first exhaust his claims in state court. Case No. 12-4326, ECF No. 22.

On September 23, 2014, Perez filed the instant Petition, in which he raises a number of claims. ECF No. 1. After briefing had concluded, Judge Caracappa filed a Report and Recommendation that recommended denial of the Petition. Report and Recommendation ("R&R") 15, ECF No. 11. In preparing her report, Judge Caracappa reviewed the state court record and determined that, of the eleven claims Perez brought in his habeas petition, six claims--and portions of others--were unexhausted in state court and/or procedurally defaulted. Id. at 5-10. Judge Caracappa therefore limited the scope of her review to those portions of the five remaining claims that have been exhausted. Id. at 10.

Perez has filed objections to Judge Caracappa's Report and Recommendation. ECF No. 12. The matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

The Court may refer an application for a writ of habeas corpus to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. § 636(b)(1); Local R. Civ. P. 72.1.IV(b). The Court must then "make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Court is to construe a prisoner's pro se pleading liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), granting cert. to 198 F. App'x 694 (10th Cir. 2006), and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," id. (internal quotation marks omitted). See also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333,

339 (3d Cir. 2011) ("[W]hen presented with a pro se litigant, we have a special obligation to construe his complaint liberally." (internal quotation marks omitted)).

## III. DISCUSSION

    A.    Exhaustion and Procedural Default

Petitioner brings the following eleven claims, as summarized by Judge Caracappa:

(1) Petitioner's right to waive counsel and of self-representation was violated;

(2) Ineffective counsel was forced upon petitioner during the pretrial, trial and PCRA stages;

(3) Violation of pretrial discovery pursuant to Pa. R. Crim. P. Rule 573(A) and under Brady v. Maryland[, 373 U.S. 83 (1963)];

(4) Violation of Pa. R. Crim. P[.] Rule 600, petitioner's right to a speedy trial;

(5) Illegal sentence due to invalid charging;

(6) Violation of due process when petitioner was denied pretrial discovery, when petitioner was removed from the courtroom, when petitioner was admitted to the "insane asylum", [sic] when petitioner's cross-examination was restricted, and when a criminal complaint was filed with no jurat;[3]

(7) Petitioner's trial and sentence were unconstitutional because the criminal complaint was filed against the wrong person, and the

---

[3] "The jurat is . . . the certificate of the judicial officer stating that the affidavit was sworn to and subscribed by the affiant before him." Commonwealth v. Chandler, 477 A.2d 851, 853 (Pa. 1984). A jurat is required for a search warrant and the issuing officer must affix her jurat after making a judicial determination of probable cause to validate the warrant. Id. at 856.

> affidavit of probable cause did not have jurat [sic];
>
> (8) Mockery of justice because of outrageous government conduct violating the U.S. Constitution and the due process of law;
>
> (9) Petitioner's right to be present at his trial was violated when the Judge had petitioner removed from the courtroom;
>
> (10) Violation of due process when the prosecution was allowed to present a surprise witness; and
>
> (11) Petitioner's right to compulsory process was violated.

R&R 3.

Judge Caracappa found that only "claims one, a portion of five, a portion of six, seven, and nine have been exhausted," and thus reviewable in this action, id. at 7, while all other claims have procedurally defaulted, id. at 8.

A habeas petitioner must "exhaust[] the remedies available in the courts of the State" before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). If the state courts have declined to review the merits of a petitioner's claim based on his failure to comply with a state rule of procedure, the claim is procedurally defaulted. See Harris v. Reed, 489 U.S. 255, 262-63 (1989). Although "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion[, as] there are no state remedies any longer 'available' to him," Coleman v. Thompson, 501 U.S. 722, 732 (1991), procedurally defaulted claims cannot be

7

reviewed unless "the [petitioner] can demonstrate <u>cause</u> for the default and <u>actual prejudice</u> as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Id.</u> at 750 (emphases added).

      To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule." <u>Id.</u> at 753 (internal quotation marks omitted). Examples include: (1) "a showing that the factual or legal basis for a claim was not reasonably available"; (2) a showing that "some interference by [state] officials . . . made compliance [with the state procedural rule] impracticable"; and (3) "[a]ttorney error that constitutes ineffective assistance of counsel." <u>Id.</u> at 753-54 (internal quotation marks omitted). To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for [the alleged] erro[r], the result of the proceeding would have been different." <u>Sawyer v. Whitley</u>, 505 U.S. 333, 363 (1992) (alterations in original) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984)) (internal quotation marks omitted).

      Here, as Judge Caracappa noted, the Superior Court, on both direct and collateral appeal, dismissed most of Petitioner's claims as waived--that is, procedurally defaulted.

On direct appeal, in which Petitioner brought nineteen individual claims, the Superior Court found that Petitioner "in the argument section of his brief . . . abandons most of his issues," and therefore found these issues to be waived. Perez, No. 393 MDA 2010, slip op. at 2 (citing Commonwealth v. Thomas, 908 A.2d 351, 353-54 (Pa. Super. Ct. 2006) (holding that, under Pennsylvania Rule of Appellate Procedure 2119, issues set forth in the statement of questions but not addressed in the argument section are waived)), App. A219. For a number of other claims, the Superior Court found that "many . . . issues are not properly developed with citation to authority or appropriate legal discussion," and thus found them to be waived. Id. (citing Commonwealth v. Bobin, 916 A.2d 1164, 1168 (Pa. Super. Ct. 2007) (finding claims waived where a party "fail[ed] to substantiate its claims through appropriate analysis and case citation")).[4]

On collateral appeal, in which Petitioner brought twenty-two distinct claims, the Superior Court reviewed nine. For the remaining claims, the Superior Court either (1) found them to be waived because Petitioner could have, but did not, raise them at trial or on direct review, Commonwealth v. Perez,

---

[4] As Judge Caracappa noted, courts in this circuit "have held that Pa. R. App. P. 2119 is an independent and adequate state procedural rule for the purposes of procedural default." R&R 9 (citing Kirnon v. Klopotoski, 620 F. Supp. 2d 674, 683-84 (E.D. Pa. 2008); and Boggs v. Diguglielmo, No. 04-5882, 2006 WL 563025, at *3 (E.D. Pa. Mar. 6, 2006)).

No. 1521 MDA 2013, slip op. at 6 (Pa. Super. Ct. Apr. 8, 2014) (citing 42 P.S. § 9544(b)), App. A474;[5] or (2) found them unreviewable as previously litigated, id. (citing 42 P.S. § 9543(a)(3) (providing that PCRA relief is only available where "the allegation of error has not been previously litigated or waived")).

The Court compared Petitioner's individual habeas claims to the previous Superior Court decisions. Although Petitioner's claims are often unclear, overlapping, and disorganized, they appear to have procedurally defaulted as indicated by Judge Caracappa. In addition, the Court notes that the record suggests that Petitioner has exhausted the claims, and potions of claims, as Judge Caracappa specified. In his objection to the Report and Recommendation, Petitioner does not show cause for the default or that actual prejudice resulted. Petitioner merely states that he is not a lawyer and is not highly educated. Pet'r's Objection 22.[6] This is insufficient under Coleman to overcome the default, see 501 U.S. at 750, and the Court will not consider the defaulted claims.

---

[5] As Judge Caracappa noted, claims waived under § 9544(b) are procedurally defaulted for purposes of federal habeas review. R&R 9-10 (citing Flagg v. Wynder, No. 07-2175, 2008 WL 861498, at *9 (E.D. Pa. Mar. 27, 2008)).

[6] Because the Objection is not consistently numbered, the Court refers to the page numbers provided by ECF.

For the reasons given above, and in agreement with the Report and Recommendation, the Court will limit the scope of its habeas review to the following claims[7]: claims one and nine (right to self-representation); portions of claims five and six, as well as claim seven (lack of jurat and double jeopardy); and ineffective assistance of counsel (unenumerated claim and claim two).[8]

B.   Right to Self-Representation (Claims One and Nine)

Petitioner claims that the district court violated his right to self-representation, as recognized by Faretta v. California, 422 U.S. 806 (1975).

In Faretta, the Supreme Court held that the right of self-representation is implicit in the Sixth Amendment's provision of the right to counsel. See 422 U.S. at 832 ("The Framers selected in the Sixth Amendment a form of words that necessarily implies the right of self-representation."); accord

---

[7]   It is difficult to discern whether Petitioner specifically objects to portions of the Report and Recommendation or whether his Objection largely reproduces earlier filings. Though the Court need not review general or unspecified objections, Brown, 649 F.3d at 195, it will, for the sake of completeness, review each of the claims discussed in the Report and Recommendation.

[8]   Although Judge Caracappa considered Petitioner's ineffective assistance of counsel claim to be unenumerated, the Court also considers claim two--to the extent it relates to ineffective assistance of counsel--as relevant to this issue and will incorporate claim two into its discussion thereof.

11

United States v. Bankoff, 613 F.3d 358, 373 (3d Cir. 2010) ("The right of self-representation and the right to counsel are two faces of the same coin, in that the waiver of one right constitutes a correlative assertion of the other." (internal quotation marks omitted)). The right to counsel carries many benefits for the criminal defendant; therefore, in order to proceed pro se, the accused must "knowingly and intelligently" relinquish these benefits. Faretta, 422 U.S. at 835 (internal quotation marks omitted). There is a "strong presumption" against the waiver of the right to counsel and in favor of the assistance of counsel. Patterson v. Illinois, 487 U.S. 285, 307 (1988).

The right of self-representation is not absolute and does not license disrespect toward either the courtroom or the rules of procedural and substantive law. Faretta, 422 U.S. at 834 n.46. Faretta notwithstanding, the court may insist on appointing counsel--and may even remove the defendant from the courtroom--if severe mental illness prevents him from conducting his own defense or he engages in disruptive courtroom behavior. See Indiana v. Edwards, 554 U.S. 164, 178 (2008) ("[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.");

12

Illinois v. Allen, 397 U.S. 337, 343 (1970) ("[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.").

Here, the trial court initially found Petitioner to be incompetent and committed him to a mental health facility for sixty days. Perez, No. 1521 MDA 2013, slip op. at 1-2, App. A469-70. Prior to trial, the court after a full colloquy permitted Petitioner to represent himself. Hr'g Tr. 3:5-10:19, Feb. 2, 2010, App. A45-47. When Petitioner refused to follow court instructions and engaged in disruptive behavior, the trial court revoked his right to self-representation and appointed standby counsel on his behalf. Trial Tr. 50:24-52:3, Mar. 1, 2010, App. A67-68. The Superior Court found that the trial court acted appropriately and did not abuse its discretion in appointing standby counsel because Petitioner was not able to represent himself "without impeding the orderly administration of justice." Perez, No. 393 MDA 2010, slip op. at 3-6, App. A220-23. Petitioner has not shown, in any of his filings, that these conclusions are without merit. For these reasons, this claim for relief under 28 U.S.C. § 2254 fails.

    C.    <u>Defective Criminal Complaint (Claims Five, Six, Seven)</u>

Petitioner claims that the criminal complaint lacked a jurat,[9] a defect which rendered his trial and sentence illegal.

Under Pennsylvania law, informal defects in a complaint do not justify dismissal of a case. <u>Commonwealth v. Thomas</u>, 419 A.2d 1344, 1349 (Pa. Super. Ct. 1980). However, substantive defects, in which a defendant fails to "receive[] proper notice of the charges filed against him and to allow him time to properly prepare his case," merit dismissal unless a defendant waives them. <u>Id.</u> (internal quotation marks omitted); <u>see also</u> <u>Commonwealth v. Gerard</u>, 459 A.2d 414, 417 (Pa. Super. Ct. 1983) ("'Informal defect' . . . refers to errors which do not prevent the substantive content from being plainly understood. Substantive defects are exemplified as ones in which the defendant's identity cannot be determined or where the offense is not properly described.").

In the Report and Recommendation, Judge Caracappa noted that the Superior Court on direct review found Petitioner's lack-of-jurat claim to be meritless. R&R 13 (citing <u>Perez</u>, No. 393 MDA 2010, slip op. at 3, App. A220). Petitioner was arrested without a warrant (due to exigent circumstances)

---

[9]     <u>See</u> <u>supra</u> note 3.

and the criminal complaint was signed by a Magisterial District Judge. Id. Moreover, Pennsylvania law does not require a jurat to be affixed to criminal complaints. Id. (citing Pa. R. Crim. P. 504). Even assuming, arguendo, that a jurat was required and Petitioner's complaint lacked one, this lack would constitute an informal defect under Pennsylvania law that does not justify dismissal of the case or release of the accused from custody. See Thomas, 419 A.2d at 1349. Petitioner does not appear to contest these conclusions in his Objection. Therefore, this claim for relief under § 2254 fails.

    D.    Double Jeopardy (Claim Five)

Petitioner does not clearly state his claim here, although, as Judge Caracappa indicated, he appears to allege that his conviction and sentence were somehow illegal due to his defective charging instruments.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; see also Abney v. United States, 431 U.S. 651, 660-61 (1977) ("[T]he Double Jeopardy Clause protects an individual against being twice convicted for the same crime [and provides] a guarantee against being twice put to trial for the same offense."). The Double Jeopardy Clause

15

applies to the states as well as to the federal government. Benton v. Maryland, 395 U.S. 784, 787 (1969).

As noted above, Petitioner has not shown that his charging instruments were defective under Pennsylvania law. However, even if he had, this case does not present any double jeopardy concerns, because "[Petitioner] was only tried once, and sentenced on only one charge." Perez, No. 1521 MDA 2013, slip op. at 6, App. A474. Petitioner does not appear to meaningfully dispute this conclusion in his Objection. Therefore, this claim for relief under § 2254 fails.

    E.   Ineffective Assistance of Counsel (Unenumerated Claim and Claim Two)

Strewn throughout the petition are various haphazard claims that Petitioner received ineffective assistance of counsel.

The Supreme Court laid out the framework for evaluating constitutionally ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668 (1984). In order to bring a successful claim under Strickland, a petitioner must establish both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Id. at 687.

To prove deficient performance, a petitioner must show that his "counsel's representation fell below an objective

standard of reasonableness." Id. at 687-88. The Court's "scrutiny of counsel's performance must be highly deferential." Id. at 689. Accordingly, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In raising an ineffective assistance claim, the petitioner must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." Id. at 690. Next, the Court must determine whether those acts or omissions fall outside of the "wide range of professionally competent assistance." Id.

To establish prejudice, a petitioner must affirmatively prove that the alleged attorney errors "actually had an adverse effect on the defense." Id. at 693. "The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Court evaluates Petitioner's ineffective assistance claims according to these principles.

The Court has attempted to compile Petitioner's ineffective assistance of counsel allegations, as follows:

- Trial and PCRA counsel were ineffective for failing to see that the charging instrument was defective and/or multiplicitous. Pet. 4, ECF No. 1-1.[10]
- Trial counsel's closing arguments were "a joke and a sham." Id. at 5, ECF No. 1-2; see also Pet'r's Reply 11, ECF No. 7.
- Counsel were "shady" and "threw defendant under the bus for the prosecution." Pet'r's Reply 2.
- Trial counsel failed to request time or speak with Petitioner, did not object to Petitioner's forced absence during portions of the trial, failed to conduct pretrial investigations and find three supposedly exculpatory eyewitnesses, and compelled Petitioner to take the stand against his will. Id. at 4.
- PCRA counsel caused unnecessary delays, abandoned certain issues and claims, "put on the Prosecutor's hat and supported the Prosecution's position," failed to see that Petitioner's right to self-representation was violated, and filed a no-merit letter. Id. at 8, 13, 14.

The Court agrees with Judge Caracappa that Petitioner has failed to sufficiently state a claim for ineffective assistance of counsel. Rather, as the above list shows, he has asserted vague, conclusory, speculative, and ill-founded assertions--many of which relate to claims that the Court has already disposed of above. Petitioner has not provided sufficient evidence or legal argument that his counsel performed in a constitutionally ineffective manner, or that, if they did, Petitioner was thereby prejudiced. See Strickland, 466 U.S. at 687. Nor did Petitioner meaningfully address these issues in his

---

[10] Because Petitioner's filings are not consistently numbered, and span multiple documents, the Court refers to the page numbers as imposed by ECF, along with the relevant ECF document number.

Objection. Therefore, this claim under § 2254 fails.

**IV. CERTIFICATE OF APPEALABILITY**

A petitioner seeking a Certificate of Appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**V. CONCLUSION**

For the foregoing reasons, the Court will adopt Judge Caracappa's Report and Recommendation, overrule Petitioner's objections thereto, and deny the Petition for a Writ of Habeas Corpus without an evidentiary hearing. The Court will not issue a Certificate of Appealability. An appropriate order follows.